| | | |
|---|---|---|
| GREGORY GILLENTINE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  13-cv-138 |
| | ) | |
| CAVALRY PORTFOLIO SERVICES, LLC, | ) | Jury Trial Demanded |
| J.C. CHRISTENSEN & ASSOCIATES, INC., and | ) | |
| VISION FINANCIAL CORP. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

### INTRODUCTION

1.     This is an action for damages against the Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

### JURISDICTION

2.     Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 (federal question jurisdiction).

3.     This action arises out of multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereafter referred to as "FDCPA") by Defendants, in their illegal efforts to collect a consumer debt.

4.     Venue is proper in this District because the acts and transactions occurred here,

Defendants transact business here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

5.  Plaintiff, Gregory Gillentine (hereafter referred to as "Plaintiff" and/or "Mr. Gillentine") is a resident of this State, District and Division who is authorized by law to bring this action.

6.  Defendant Cavalry Portfolio Services, LLC (hereafter referred to as "Defendant Cavalry") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in New York, with its principal office located at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595-2321 and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

7.  Defendant J.C. Christensen & Associates, Inc. (hereafter referred to as "Defendant JCC") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Minnesota, with its principal office located at 200 14th Avenue E., Sartell, MN 56379, and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

8.  Defendant Vision Financial Corp. (hereafter referred to as "Defendant Vision") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in New York, with its principal office located at 4 W. Red Oaks Lane, White Plains, NY 10604, and maintains Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203, as its registered agent for service of process.

9.  Other defendants may be discovered in the course of litigation, and Mr. Gillentine respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

10.     Defendants use the mail in their businesses.

11.     Defendants use telephone communications in their businesses.

12.     The primary purpose of Defendants' businesses are the collection of debts.

13.     Defendants regularly collect or attempt to collect debts owed, or due, or asserted to be owed or due to another.

14.     Defendants are debt collectors subject to the provisions of the Fair Debt Collection Practices Act.

15.     Defendants have alleged that Mr. Gillentine incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal loan or credit card bill allegedly originally owed to or serviced by HSBC Bank Nevada, N. A.

16.     Sometime prior to January 9, 2012, Mr. Gillentine's debt was sold or otherwise transferred to Defendant Cavalry for collection from Mr. Gillentine, when thereafter Mr. Gillentine received collection communications and was subjected to collection acts from Defendants, all in an attempt to collect this debt.

17.     Mr. Gillentine has made no payments on this account since January 9, 2012.

18.     In the course of attempting to collect a debt allegedly due from Mr. Gillentine to a business which is not a party to this litigation, Defendants communicated with Mr. Gillentine in ways that violated the Fair Debt Collection Practices Act.

19.     Defendants have mailed many collection letters to Mr. Gillentine in an attempt to collect this debt.

3

*January 9, 2012 Collection Letter*

20.    Defendant Cavalry sent Mr. Gillentine a collection letter dated January 9, 2012 (see attached Exhibit A).

21.    The January 9, 2012 collection letter is a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collecting the debt and in an attempt to collect the debt.

22.    The January 9, 2012 collection letter is collecting on the HSBC Bank Nevada, N.A. account numbered 5458002125170565 and asserts that Defendant Cavalry has assigned this account "Cavalry Account No." of 14624445. (see attached Exhibit A).

23.    The January 9, 2012 collection letter asserts the current balance due on the account was $3,208.20 as of January 9, 2012.

24.    The January 9, 2012 collection letter directs Mr. Gillentine to:  "Make Checks and Money Order Payable to Cavalry Portfolio Services, LLC" (see attached Exhibit A).

*March 13, 2012 Collection Letter*

25.    Sometime prior to March 13, 2012, Defendant Cavalry authorized Defendant JCC for collection of the above-referenced debt.

26.    Defendant JCC sent Mr. Gillentine a collection letter dated March 13, 2012 (see attached Exhibit B).

27.    The March 13, 2012 letter is a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with the collection of a debt and in an attempt to collect the debt.

4

28.     The March 13, 2012 collection communication is collecting on the same HSBC Bank Nevada, N.A. account, with an original account number of 5458002125170565 in addition to the account number 12856994 assigned by Defendant JCC (see attached Exhibit B).

29.     The March 13, 2012 collection communication asserted "Cavalry Portfolio Services, LLC" as Defendant JCC's client.

30.     The March 13, 2012 collection communication asserted an amount due of $3,252.98 as of March 13, 2012.

### *September 5, 2012 Collection Letter*

31.     Sometime prior to September 5, 2012, Defendant Cavalry authorized Defendant Vision for collection of the above-referenced debt.

32.     Defendant Vision sent Mr. Gillentine a collection letter dated September 5, 2012 (see attached Exhibit B).

33.     The September 5, 2012 letter is a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with the collection of a debt and in an attempt to collect the debt.

34.     The September 5, 2012 collection communication is collecting on the same HSBC Bank Nevada, N.A. account with the account number 14624445 assigned by Defendant Vision (see attached Exhibit B).

35.     The September 5, 2012 collection communication asserted "Cavalry SPV I, LLC" as Defendant Vision's client.

36.     The September 5, 2012 collection communication asserted "Cavalry SPV I, LLC has purchased your account and all rights to the debt receivable from HSBC Bank Nevada, N.A."

37.     The September 5, 2012 collection communication further asserted "Cavalry Portfolio Services will accept $1,547.18 to resolve this debt."

38.     The September 5, 2012 collection communication asserted an amount due of $3,363.43 as of September 5, 2012.

<u>CAUSES OF ACTION</u>
<u>FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:</u>
<u>THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS</u>

39.     The acts of Defendants constitute violations of the Fair Debt Collection Practices Act.  Defendants' violations of the FDCPA include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt is a violation of 15 U.S.C. § 1692e.

40.     Each letter from Defendants demands a different amount from Mr. Gillentine.

41.     A calculation of the time between the Defendants collection letters and the amounts sought shows that each and every letter has accrued a different amount of interest, and none of them applied the contractual rate of interest.

42.     By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendants have confused Mr. Gillentine as to what amount of money he owes on this account.

43.     By changing the account number assigned to the debt, Defendants have misled and confused Mr. Gillentine as to which account they are trying to collect.

44.     By changing collection companies who is collecting the debt, Defendants have misled and confused Mr. Gillentine as to who he owes for his HSBC Bank Nevada, N.A. account.

45.     Mr. Gillentine is confused as to who he owes this account to since he has received

6

letters stating that the account is owned, purchased or serviced by Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC.

46. As a result of Defendant's actions, Mr. Gillentine is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

CAUSES OF ACTION
SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE
AMOUNT OF THE ALLEGED DEBT

47. The acts of Defendants constitute violations of the Fair Debt Collection Practices Act. Defendants' violations of the FDCPA include, but are not limited to, the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, which is a violation of 15 U.S.C. §1692e(2).

48. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the amount of $3,208.20 is demanded in Defendant Cavalry's collection letter dated January 9, 2012; then the balance increases to $3,252.98 pursuant to Defendant JCC's collection letter dated March 13, 2012; and finally the balance increases to $3,363.43 pursuant to Defendant Vision's September 5, 2012 letter.

49. A simple understanding of accruing interest shows that the amounts demanded by Defendants are a result of Defendants' efforts to keep Mr. Gillentine confused as to the amount owed since they are completely random and accrue incalculable rates of interest.

50. A calculation of the Defendants demands of various balances on this account demonstrates interest accruing on the account at a rate of 7.96% APR from the Defendant Cavalry January 9, 2012 letter's demand of $3,208.20 to the Defendant JCC March 13, 2012 letter's demand of $3,252.98.

51.     Interest on the account then accrues at a different rate of 7.041% APR from the Defendant Cavalry March 13, 2012 letter's demand of $3,252.98 to the Defendant Vision September 5, 2012 letter's demand of $3,363.43.

52.     Interest on the account then accrues at a different rate of 7.359% APR from the January 9, 2012 letter's demand of $3,252.98 to the September 5, 2012 letter's demand of $3,363.43.

53.     Mr. Gillentine asserts that his interest rate on his HSBC Bank Nevada, N.A. account ending in 0565 was never 7.96, 7.041 or 7.359% APR.

54.     By demanding amounts that increase at rates of interest which are inconsistent with the contractual rate of interest, Defendants have confused Mr. Gillentine as to what amount of money he owes on this account.

55.     Mr. Gillentine asserts that the constantly changing balances demanded by Defendants demonstrate that the Defendants do not have actual knowledge of the correct amount owed on this account, if any.

56.     Mr. Gillentine asserts that the constantly changing balances demanded by Defendants demonstrate that the Defendants do not have actual knowledge of the correct amount of interest applicable to this account, if any.

57.     Mr. Gillentine further asserts that Defendants are attempting to keep him confused as to the amount owed, so that if he were to make payments on this account he would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by him.

58.     As a result of Defendant's actions, Mr. Gillentine is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

59.     As a result of Defendant's actions, Mr. Gillentine is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

60.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a)     That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b)     That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c)     That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d)     That the Court declare all defenses raised by Defendants to be insufficient; and

e)     That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 12th day of March, 2013.

GREGORY GILLENTINE


BY:     _/s/ Brent Travis Strunk _____
        Brent Travis Strunk (BPR 023050)
        Attorney for Plaintiff

9

Brackett and Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868
Ch7and13@gmail.com